Filed 9/11/25  P. v. Motta CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085103 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD217434) |
| EDWARD MOTTA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Affirmed.

Edward Motta, in pro. per.; and William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In June 2010, a jury convicted Edward Motta of attempted murder (Pen. Code,[1] §§ 664 & 187) and multiple other offenses.  He was sentenced to a total term of 95 years to life.  Motta appealed and this court affirmed the

---

[1]    All statutory references are to the Penal Code.

judgment in an unpublished opinion. (*People v. Motta* (Dec. 27, 2013, D061951).)

In April 2024, Motta filed a petition for resentencing under section 1172.6, seeking to vacate his attempted murder conviction. The trial court received briefing, issued an order to show cause, and held a hearing. The court reviewed the record of conviction. The court found Motta was the sole participant in the offenses, that he personally inflicted great bodily injury on the victim and that the attempted murder conviction was not based on implied malice imputed from action as an accomplice. The court denied the petition for resentencing.

Motta filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as required by *Wende*. Counsel urges the court to apply *Wende* and not limit appellate review pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Counsel argues *Delgadillo* does not apply because the court issued an order to show cause and held an evidentiary hearing in ruling on the petition for resentencing.

We are satisfied that we must independently review the record for error and therefore decline to further examine the difference between *Wende* review and that provided under *Delgadillo*.

We offered Motta the opportunity to file his own brief on appeal. Motta has responded with a short letter brief identifying some of the statute relevant to resentencing under section 1172.6. His citations do not raise any arguable issues for reversal of Motta's conviction for attempted murder committed without any accomplice.

We will not include a statement of facts for the offense.  The facts were discussed in our original opinion.  (*People v. Motta, supra*, D061951.)

## DISCUSSION

As we have noted,  appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error.  To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the question of applicability of *Delgadillo* to this appeal as a matter of due process.  We are independently reviewing the record for error thus no due process issue arises from our standard of review.

We have independently reviewed the record for error as required by *Wende* and *Anders.*  We have not discovered any arguable issues for reversal on appeal.  Competent counsel has represented Motta on this appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, J.[*]

WE CONCUR:

O'ROURKE, Acting P. J.

KELETY, J.

---

[*]     Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3